# In the United States District Court for the Southern District of Georgia Waycross Division

FILED
John E. Triplett, Acting Clerk
United States District Court

By casbell at 11:14 am, Sep 23, 2020

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CR 517-010 |
| LEMARCUS CIERRA KING, | |
| Defendant. | |

### ORDER

Before the Court is Defendant Lemarcus King's motion for reconsideration of this Court's Order dismissing his motion for compassionate release. Dkt. No. 160. Also before the Court is King's motion to compel the Government to return documents. Dkt. No. 162. For the reasons below, King's motions are **DENIED**.

### BACKGROUND

In December 2017, under a written plea agreement, King pleaded guilty to three counts of distribution of five grams or more of methamphetamine, in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 841(a)(1), (b)(1)(B). Dkt. Nos. 86, 87. In April 2018, the Court sentenced King to eighty-six months' imprisonment with the Bureau of Prisons ("BOP") as to each count, to be served concurrently. Dkt. No. 121. On June 10, 2020, King moved the Court for early release, which the Court construed as a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Dkt. No.

152. The Court dismissed King's motion, concluding that King had not shown he had exhausted his administrative remedies. Dkt. No. 159. King now moves the Court for reconsideration of that Order. Dkt. No. 160. According to the BOP website, King is incarcerated at FCI Forrest City Low in Forrest City, Arkansas, with a projected release date of December 31, 2023.

## DISCUSSION

Before a prisoner can file a motion under 18 U.S.C. § 3582, he must first have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Id. § 3582(c)(1)(A). In King's original motion, he did not provide the Court with enough information to determine whether he had exhausted his administrative remedies. See Dkt. No. 152. Through his supplemental filing, King shows that the Warden of his facility denied his Reduction in Sentence ("RIS") request based upon compassionate release on June 15, 2020. Dkt. No. 160 at 2. King claims that he had previously sent a copy of this denial to the Court, presumably to accompany his initial motion, but the Court has no record of same. Regardless, the Court takes issue with the chronology of the filing of these documents. King's motion to the Court was postmarked June 5, 2020 and docketed June 10, 2020. See Dkt. No. 152. The Warden's denial letter is dated

2

June 15, 2020. Dkt. No. 160 at 2. King does not inform the Court of the date he submitted his RIS request to the Warden. Without that information, it appears that King might have filed his motion with the Court prematurely and did not wait the required thirty-day period for the Warden to respond to his RIS request. See 18 U.S.C. § 3582(c); United States v. Courson, No. CR 215-010, 2020 WL 2516392, at *1 (S.D. Ga. May 15, 2020) (concluding that because defendant had not provided the Court with enough information to conclude he had exhausted his administrative remedies, the Court must dismiss his motion).

Regardless of the date on which King submitted his RIS request, the Court still finds that King has not exhausted his administrative remedies. The Warden's denial letter instructs King that the Warden was unable to evaluate King's RIS request because he had not provided a "proposed release plan, including where [he] will reside, how [he] will support [himself], or . . . where [he] will receive medical treatment[.]" Dkt. No. 160 at 2. By not providing the documentation required for the BOP to evaluate his request, King failed to properly begin the administrative remedy process and thus failed to trigger the thirty-day response period. See United States v. Howard, No. 4:15-CR-00018-BR, 2019 WL 7041860, at *3 (E.D.N.C. Dec. 20, 2019) (concluding that because "defendant did not provide enough information for the BOP to evaluate and make a decision on his request ... defendant has not

3

fully exhausted his administrative appeal rights or triggered the 30-day lapse period").

The Court once again concludes that, at the time he filed his initial motion, King had not exhausted his administrative remedies as required by 18 U.S.C. § 3582(c). Therefore, the Court affirms its previous Order dismissing King's motion for compassionate release and **DENIES** his motion for reconsideration. Dkt. No. 160. King's motion to compel the Government to turn over documents which King allegedly mistakenly mailed to the U.S. Attorney's Office is also **DENIED**. Dkt. No. 162.

## CONCLUSION

King's motion for reconsideration, dkt. no. 160, and motion to compel, dkt. no. 162, are **DENIED**.

**SO ORDERED**, this 23 day of September, 2020.

HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA